J-S44018-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
           :           PENNSYLVANIA
           :
          v.           :
           :
           :
ERIC PETTERSON           :
           :
        Appellant     :     No. 1946 EDA 2023

Appeal from the PCRA Order Entered June 23, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  MC-51-CR-1135991-1992

BEFORE:  NICHOLS, J., MURRAY, J., and LANE, J.

MEMORANDUM BY MURRAY, J.:           **FILED DECEMBER 17, 2024**

Eric Petterson (Appellant) appeals from the order dismissing his untimely first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  Appellant's appointed counsel, Todd M. Mosser, Esquire (Counsel), has filed a petition to withdraw from representation and a brief pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).  We grant Counsel's application to withdraw and affirm the PCRA court's order.

A detailed factual history is unnecessary for disposition of this appeal. At the instant docket, the Commonwealth charged Appellant with one count each of firearms not to be carried without a license and carrying a firearm on

public streets in Philadelphia.[1]  Criminal Complaint, 12/1/92, at 1.  On April 6, 1994, a jury convicted Appellant of one count of carrying a firearm on public streets in Philadelphia.  That same date, at numerous related dockets,[2] the jury convicted Appellant of thirteen counts of robbery, four counts of criminal conspiracy,[3] and five additional counts of carrying a firearm on public streets in Philadelphia.[4]

Although the certified record before this Court relates only to the instant docket, our memorandum disposing of Appellant's PCRA petitions at his related dockets observed that the trial court[5] sentenced Appellant to an

_____

[1] 18 Pa.C.S.A. §§ 6106, 6108.

[2] CP-51-CR-0226901-1993, CP-51-CR-0227181-1993, CP-51-CR-0230231-1993, CP-51-CR-0226811-1993 (collectively, related dockets).  All counts were joined for trial, but, as discussed *infra*, Appellant only appealed his judgment of sentence from the related dockets.

[3] 18 Pa.C.S.A. §§ 3701, 903.

[4] Another panel of this Court recently affirmed the dismissal of Appellant's third, untimely PCRA petitions concerning the related dockets. **Commonwealth v. Lewis**, 3182, 3184, 3185, and 3186 EDA 2022 (Pa. Super. filed Oct. 10, 2024) (unpublished memorandum).  Appellant, whose real name is Leon Lewis, gave the arresting officer the above-captioned alias, Eric Petterson. ***Id.*** (unpublished memorandum at 12 n.8).  Like the **Lewis** Court, we observe the trial court "addressed [the instant] case as involving 'Eric Peterson a/k/a Leon Lewis,' a variant spelling of the alias that appears in the lower court's caption" at the instant docket. ***Id.*** at 6 n.3; **see also** Sentencing Order, 6/3/94; Notice of Appeal, 7/18/23, at 1 (unpaginated) (Appellant's handwritten caption identifying himself as "Leon Lewis AKA Eric Petterson").

[5] The Honorable John Chiovero presided over Appellant's trial and sentencing.

- 2 -

J-S44018-24

aggregate 60 to 240 years in prison on June 3, 1994. ***Commonwealth v. Lewis***, 3182, 3184, 3185, and 3186 EDA 2022 (Pa. Super. filed Oct. 10, 2024) (unpublished memorandum at 6 n.4).

That same date, at the instant docket, the trial court sentenced Appellant to two-and-one-half to five years in prison, "designated to be served **concurrent** with the first link of the chain of consecutive robbery sentences[.]" ***Id.*** (emphasis added); ***see also*** Sentencing Order, 6/3/94. Additionally, the sentencing order contains a notation, signed by the prosecutor and trial court, stating as follows: "AND NOW, [June 3], 1994, the District Attorney, with leave of Court, enters a *nolle pro*[]*sequi* on the within bill of indictment, 2nd & 3rd counts only."[6] Sentencing Order, 6/3/94 (some punctuation modified). Appellant did not appeal the judgment of sentence at the instant docket.

On August 9, 2018, Appellant filed, *pro se*, a PCRA petition at the instant docket. In his petition, Appellant alleged his "conviction and sentence … is

---

[6] The certified record does not contain a bill of indictment or criminal information. However, the criminal docket sheet reflects that Appellant was found guilty of carrying a firearm on public streets in Philadelphia, and that the Commonwealth withdrew one count of firearms not to be carried without a license. No additional offenses are listed in the criminal docket.

The record also does not disclose why the Commonwealth's *nolle pros* occurred after the jury's verdict. We note, however, that the trial court's April 6, 1994, order revoking Appellant's bail indicates the jury returned a guilty verdict only as to carrying a firearm on public streets in Philadelphia. ***See*** Order, 4/6/94.

- 3 -

impossible, [because] this case was *nolle pros*[*sed*]."  PCRA Petition, 8/9/18, at 3.  Appellant claimed he did not become aware of the purported *nolle pros* until he received his Department of Corrections commitment order, "which stated this gun case [at the instant docket] had been *nolle pros*[*sed*]."  **Id.**  The PCRA court did not appoint counsel.

On May 16, 2023, the PCRA court[7] issued Pa.R.Crim.P. 907 notice of its intent to dismiss the petition without a hearing.  The PCRA court noted:

> The following was already explained [relative to Appellant's] duplicate [PCRA] petition filed under [Appellant's related dockets]. … [Appellant is] mistaken in [his] belief that [he was] sentenced on a *nolle prossed* gun charge.  …  In this particular … docket (one of more than a dozen generated for [Appellant's] multitude of robberies)[,] the Commonwealth withdrew all charges EXCEPT 18 [Pa.C.S.A.] § 6108 (carrying a firearm in public-Phila), which is one of the charges [Appellant] is well aware [he was] sentenced on.  Thus, [Appellant's] claim is meritless, and [he has] been aware of [his] various sentences since trial.

Rule 907 Notice, 5/16/23, at 1 n.1.  On June 23, 2023, the PCRA court entered a final order dismissing the petition.  Appellant timely appealed.

On October 30, 2023, this Court issued an order directing the PCRA court "to determine Appellant's eligibility for court-appointed counsel …."  Order, 10/30/23 (citing **Commonwealth v. Stossel**, 17 A.3d 1286, 1290 (Pa. Super. 2011) (holding "[w]here an indigent, first-time PCRA petitioner was denied his right to counsel—or failed to properly waive that right—this Court is required to raise this error *sua sponte* and remand for the PCRA court to

---

[7] The Honorable Scott DiClaudio adjudicated Appellant's PCRA claim.

correct that mistake.")). The PCRA court responded on February 13, 2024, confirming that the instant appeal lies from the dismissal of a first PCRA petition, and requested that the matter be remanded for counseled review of Appellant's petition. *See* Response to Order, 2/13/24. That same date, the PCRA court appointed Counsel to represent Appellant.

On February 23, 2024, this Court issued an order directing the parties to show cause as to "why this Court should not vacate the June 23, 2023[,] PCRA order that dismissed Appellant's first PCRA petition, and remand to the PCRA court for further proceedings." Order, 2/23/24. We received no response. Instead, on June 23, 2024, Counsel filed a *Turner*/*Finley* brief and petition to withdraw as counsel, neither of which address the PCRA court's acknowledgement of error in failing to appoint Appellant counsel to litigate his PCRA petition. On July 18, 2024, Appellant filed a *pro se* response.

Before addressing either the merits of Appellant's claim or whether remand is required for counseled review of Appellant's first PCRA petition, we must determine whether Counsel complied with the procedural requirements of *Turner*/*Finley* in petitioning to withdraw. *Commonwealth v. Knecht*, 219 A.3d 689, 691 (Pa. Super. 2019) ("When presented with a brief pursuant to *Turner*/*Finley*, we first determine whether the brief meets the procedural requirements of *Turner*/*Finley*."). This Court has explained:

> A *Turner*/*Finley* brief must: (1) detail the nature and extent of counsel's review of the case; (2) list each issue the petitioner wishes to have reviewed; and (3) explain counsel's reasoning for concluding that the petitioner's issues are meritless. Counsel

- 5 -

must also send a copy of the brief to the petitioner, along with a copy of the petition to withdraw, and inform the petitioner of the right to proceed *pro se* or to retain new counsel. If the brief meets these requirements, we then conduct an independent review of the petitioner's issues.

***Knecht***, 219 A.3d at 691 (citations omitted). Further, we have stated that substantial compliance with the requirements to withdraw as counsel will satisfy the ***Turner***/***Finley*** criteria. ***Commonwealth v. Karanicolas***, 836 A.2d 940, 947 (Pa. Super. 2003).

Our review discloses that Counsel has complied with the above requirements. In Counsel's ***Turner***/***Finley*** brief, he: 1) detailed his review of the record and law; 2) listed the issue Appellant wishes to have reviewed; and 3) explained why Appellant's issue lacks merit. ***See Turner***/***Finley*** Brief at 1-9. Additionally, Counsel notified Appellant of Counsel's request to withdraw, advised Appellant of his right to retain new counsel and/or raise any issues he deems worthy of consideration, and furnished Appellant with copies of the petition to withdraw and ***Turner***/***Finley*** brief. ***See id.*** at 9; ***see also id.***, Exhibit C (correspondence to Appellant dated June 24, 2024); Petition to Withdraw, 6/23/24, at 2. Under these circumstances, we conclude Counsel has substantially complied with the ***Turner***/***Finley*** procedural requirements. However, before proceeding to independently review Appellant's claim, we must determine whether he is eligible for PCRA relief.

To be eligible for relief, a petitioner must plead and prove, by a preponderance of the evidence, that he is "*currently serving* a sentence of

imprisonment, probation or parole for the crime[.]" 42 Pa.C.S.A. § 9543(a)(1)(i) (emphasis added). "Case law has strictly interpreted the requirement that the petitioner be currently serving a sentence for the crime to be eligible for relief." ***Commonwealth v. Plunkett***, 151 A.3d 1108, 1109 (Pa. Super. 2016). "As our Supreme Court has explained, as soon as his sentence is completed, a PCRA petitioner becomes ineligible for relief." ***Commonwealth v. Gillins***, 302 A.3d 154, 160 (Pa. Super. 2023) (citing ***Commonwealth v. Ahlborn***, 699 A.2d 718, 720 (Pa. 1997)); ***see also Commonwealth v. Stultz***, 114 A.3d 865, 871-72 (Pa. Super. 2015) (holding that where a defendant had completed the first of several consecutive sentences, he was ineligible for PCRA relief concerning the expired sentence).

The PCRA also mandates the appointment of counsel to represent indigent first-time PCRA petitioners. ***See*** Pa.R.Crim.P. 904(C) ("[W]hen an unrepresented defendant satisfies the judge that the defendant is unable to afford or otherwise procure counsel, the judge shall appoint counsel to represent the defendant on the defendant's first petition for post-conviction collateral relief."). However, "**the failure to appoint counsel for a petitioner under the PCRA who has served his sentence is harmless error**, and … remand for appointment of counsel is not appropriate, as a remand would be futile under such a circumstance." ***Commonwealth v. Hart***, 911 A.2d 939, 942 (Pa. Super. 2006) (emphasis added). The ***Hart*** Court continued:

> The purpose for appointing counsel for a first-time petitioner, even where the petition appears to be untimely filed, is for the petitioner to attempt to establish an exception to the one-year time limitation. Obviously, where the petitioner is no longer serving a sentence of imprisonment, probation or parole, establishing such an exception is a legal impossibility, as the statute no longer applies. The law does not require the performance of a futile act.

*Id.* (citation omitted).

Here, the record confirms the trial court sentenced Appellant on June 3, 1994, to two-and-one-half to five years in prison. *See* Sentencing Order, 6/3/94. Therefore, Appellant's maximum sentence expired, at the latest, on June 3, 1999. *See* Appellant's Response to *Turner*/*Finley* Brief, Attachment G (court commitment sheet reflecting the effective date of Appellant's sentence as June 3, 1994); *see also Lewis*, 3182, 3184, 3185, and 3186 EDA 2022 (unpublished memorandum at 6 n.4) (explaining Appellant's sentence was "to be served concurrent with the first link of the chain of consecutive robbery sentences[.]"); *id.* (unpublished memorandum at 19) (confirming that "the effective date for [the instant] sentence was June 3, 1994, with credit for time served starting on January 27, 1993."). In Appellant's appeal at the related dockets, this Court concluded, "[i]ncluding the credit for time served, Appellant [] finished serving any sentence at [the instant docket] on January 27, 1998." *Lewis*, 3182, 3184, 3185, and 3186 EDA 2022 (unpublished memorandum at 19).

Appellant does not allege in either his PCRA petition, or his response to Counsel's *Turner*/*Finley* brief, that he is currently serving a sentence at the

instant docket. Because Appellant has not established that he was serving his sentence at the instant docket at the time the PCRA court dismissed his petition, he is not eligible for PCRA relief. *See* 42 Pa.C.S.A. § 9543(1)(i); *Stultz*, 114 A.3d at 872. Accordingly, we affirm the PCRA court's order,[8] and conclude its error in failing to appoint Appellant PCRA counsel was harmless. *See Hart*, 911 A.2d at 942.

Counsel's petition to withdraw granted. Order affirmed.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/17/2024

---

[8] Although the PCRA court dismissed Appellant's PCRA petition as untimely filed, we may affirm on any proper basis. *See Commonwealth v. Reese*, 31 A.3d 708, 727 (Pa. Super. 2011) (*en banc*) (stating an appellate court may affirm on any basis, as long as the ultimate decision is correct).